**COPY**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)   **BY FAX**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL
ASSOCIATION; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ALFRED R. TREPTE, JR.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 08 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): Los Angeles County Superior Court  111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso): BC 5 9 3 9 1 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David Smart; Smart Law Offices; 8880 Cal Center Drive, Suite 400, Sacramento, CA 95826; (916) 361-6020

| DATE: (Fecha) | SHERRI R. CARTER | Clerk, by (Secretario) | M. Soto | , Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

SEP 08 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
**PAGE 6**

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David L. Smart, Esq. (SBN 262533)<br>Smart Law Offices<br>8880 Cal Center Drive, Suite 400<br>Sacramento, CA 95826<br>TELEPHONE NO: 916-361-6020   FAX NO: 916-361-6021<br>ATTORNEY FOR *(Name):* Plaintiff, Alfred R. Trepte, Jr. | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>SEP 0 8 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Moses Soto, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
TREPTE V. PHH MORTGAGE CORPORATION et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 5 9 3 9 1 8**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☑ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 8, 2015
David L. Smart, Esq.
_____                    ▶ _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

*BY FAX*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____     **BC 5 9 3 9 1 8**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Mitchell L. Beckloff | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Emile H. Elias | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk

SHERRI R. CARTER          By _____ M. Soto _____, Deputy Clerk

**EXHIBIT A
PAGE 8**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

COPY

| SHORT TITLE: Trepte v. PHH Mortgage Corporation et al. | CASE NUMBER BC 5 9 3 9 1 8 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES     CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 4-7    HOURS/☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice – Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

EXHIBIT A
PAGE 10

| SHORT TITLE: Trepte v. PHH Mortgage Corporation et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | ②, 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

**EXHIBIT A**
**PAGE 11**

| SHORT TITLE: Trepte v. PHH Mortgage Corporation et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

**EXHIBIT A
PAGE 12**

| SHORT TITLE:  Trepte v. PHH Mortgage Corporation et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  1. ✔2.  3.  4.  5.  6.  7.  8.  9.  10.  11. | ADDRESS: 8552 Parrot Avenue |
|---|---|
| CITY: Downey | STATE: CA | ZIP CODE: 90240 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: <u>September 8, 2015</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

COPY

1  DAVID L. SMART, ESQ. (SBN 262533)
   NICOLE CHERONES, ESQ. (SBN 206102)
2  **SMART LAW OFFICES**
   8880 Cal Center Drive, Suite 400
3  Sacramento, CA 95826
   Tel.: (916) 361-6020
4  Fax: (916) 361-6021

5  Attorneys for Plaintiff
6  ALFRED R. TREPTE, JR.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 08 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

7

8                    SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF LOS ANGELES

10

11  ALFRED R. TREPTE, JR.,              )  Case No.:  BC 5 9 3 9 1 8
                                        )
12            Plaintiff,                )  **COMPLAINT FOR:**
                                        )
13       vs.                            )  1.  Violation of Civil Code §2923.6:
                                        )      Dual-Tracking
14                                      )  2.  Violation of Civil Code §2924.17:
    PHH MORTGAGE CORPORATION; U.S.      )      Recording Inaccurate Title
15  BANK, NATIONAL ASSOCIATION; and     )      Documents
    DOES 1 through 100, inclusive,      )  3.  Fraud
16                                      )  4.  Promissory Estoppel
17            Defendants.               )  5.  Slander of Title
                                        )  6.  Negligence & Negligence Per Se
18                                      )  7.  Violation of Civil Code §§1788, *et*
                                        )      *seq.*: The Rosenthal Fair Debt
19                                      )      Collection Practices Act
                                        )  8.  Violation of Business & Professions
20                                      )      Code §§17200, *et seq.*: Unfair and
                                        )      Deceptive Practices
21                                      )
22                                      )
                                        )  **[JURY DEMANDED]**
23  _____ )

24

25

26       **COMES NOW**, Plaintiff ALFRED R. TREPTE, JR., and alleges against Defendants,

27  and each of them, as follows:

28

COMPLAINT
-1-

BY FAX

# I. INTRODUCTION

1.      Plaintiff ALFRED R. TREPTE, JR. ("Plaintiff" or "Plaintiff TREPTE") is the victim of fraud and deception perpetrated by Defendants PHH MORTGAGE CORPORATION ("PHH") and U.S. BANK, NATIONAL ASSOCIATION ("U.S. BANK") (collectively referred to herein as "Defendants") and sues now for damages, equitable, and injunctive relief as a result of these Defendants' acts or omissions as set forth herein concerning the mortgage ("Subject Loan") on Plaintiff's primary residence located at 8552 Parrot Avenue, Downey, California 90240 ("Subject Property").

2.      Plaintiff TREPTE has been, and will continue to be, seriously injured unless Defendants PHH and U.S. BANK's activities complained of are not preliminarily and permanently enjoined.  Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages because of ongoing collection activity on the Subject Loan and looming foreclosure sale of the Subject Property.

## II. PARTIES & JURISDICTION

3.      At all times herein relevant, Plaintiff TREPTE was an individual residing in, and the owner of, the Subject Property, located in the County of Los Angeles.

4.      At all times herein relevant, Defendant PHH represented to Plaintiff that it was his mortgage servicer for the Subject Loan as defined by Civil Code section 2920.5(a).  Plaintiff further alleges that, all times herein relevant, Defendant PHH was a New Jersey corporation transacting business in the County of Los Angeles.

5.      At all times herein relevant, Defendant U.S. BANK represented to Plaintiff that it was the owner and beneficiary of the Subject Loan.  Plaintiff further alleges that, all times herein relevant, Defendant U.S. BANK was a national banking association transacting business in the County of Los Angeles.

6.      Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while acting within the actual and ostensible scope of their authority.

7.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as DOE was in some manner responsible for the harm and losses suffered by Plaintiff and/or will be responsible for imminent harm and losses to Plaintiff.

8.     Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each of the Defendants was the actual and apparent agents of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of their actual and apparent agency and with the knowledge, notification, consent and ratification of each of the other Defendants.

9.     Defendants, and each of them, committed the above-described acts pursuant to an agreement by and between them to engineer a default and then take Plaintiff's property. Plaintiff is informed and believes, and thereupon alleges, that Defendants sued herein under fictitious names committed acts in furtherance of this conspiracy, and/or lent aid and encouragement to their co-conspirators, and/or ratified and adopted the acts of their co-conspirators, owed Plaintiff a duty of care and are thus jointly and severally liable for all harm to Plaintiff resulting from the conspiracy.

### III. ALLEGATIONS

10.    In about December of 2014, Plaintiff TREPTE submitted a complete application for first-lien loan modification for the Subject Loan offered by Defendants PHH and U.S. BANK.

11.    Loan department employees of Defendants PHH and U.S. BANK then made false representations starting in about December of 2014 orally and in writing to Plaintiff TREPTE regarding the loan modification application, including through PHH loss mitigation case managers Marc I., Katherine M. and Mary R.

COMPLAINT
-3-

12.     These false representations included the statement that PHH was evaluating Plaintiff's loan modification application and that PHH and U.S. BANK would not pursue foreclosure on the Subject Loan while it was pending.

13.     These employees made these false representations while acting within the scope of their employment and were authorized to speak on behalf of Defendants PHH and U.S. BANK by these Defendants PHH and U.S. BANK.

14.     On about April 30, 2015, Defendants PHH and U.S. BANK recorded a Notice of Default for the Subject Loan on title to the Subject Property.  Angel Y., an employee of Defendant PHH, signed the Declaration of Compliance attached to the Notice of Default.  The Declaration falsely stated that Angel Y. had reviewed Plaintiff's loan file to substantiate his default and Defendants' right to foreclose and falsely stated that PHH had contacted Plaintiff and provided him with the information required by Civil Code section 2923.55

15.     Defendants continued to represent that they were processing Plaintiff's loan modification while proceeding with the foreclosure process in violation of the ban on "dual-tracking."

16.     As recently as August of 2015, Plaintiff TREPTE provided Defendants with information they requested of him for what was explained to Plaintiff as the ongoing loan modification process.

17.     Plaintiff TREPTE has been, and will continue to be, seriously injured unless Defendant's collection and/or threatened foreclosure proceedings and other activities complained of are not preliminarily and permanently enjoined.  Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages because of ongoing collection activity on the loan and the looming wrongful trustee's sale of the Subject Property.

**FIRST CAUSE OF ACTION**
**Violations of Civil Code §2923.6: Dual-Tracking**
**(Against All Defendants)**

18.     Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

19.     California Civil Code §2923.6(c) provides that, if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a

mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification." A borrower need not allege that servicer acknowledged an application's completeness to state a dual-tracking claim. The completeness of an application is a factual inquiry.

20.    Plaintiff TREPTE is, and at all times herein relevant was, a "borrower" as defined by Civil Code Section 2920.5(c)(1).

21.    The Subject Loan is a "first-lien" as defined by Civil Code Section 2920.5(d).

22.    The Subject Property and it is an "owner-occupied residential real property containing no more than four dwelling units" as defined by Civil Code Section 2924.15(a).

23.    At all times herein relevant, Defendant PHH represented to Plaintiff that it was his mortgage servicer as defined by Civil Code section 2920.5(a).

24.    Plaintiff TREPTE submitted a complete application for first-lien loan modification offered by and/or through Defendants PHH and U.S. BANK in about December of 2014.

25.    Defendants then recorded a Notice of Default for the Subject Loan on title to the Subject Property without providing Plaintiff with written notice of a decision thereon before doing so.

26.    As recently as August of 2015, Plaintiff provided Defendants with information they requested for what was explained to Plaintiff as the ongoing loan modification process for the Subject Loan.

27.    Defendants have not yet conducted a foreclosure sale or recorded a trustee's deed upon sale.

28.    As a result of Defendants' conduct and breach of this code section, Plaintiff is entitled to injunctive relief, including, but not limited to an order restraining the sale of the Subject Property pursuant to California Civil Code §2924.12(a)(2).  In addition, Plaintiff has been forced as a result of Defendants' violations to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to §2924.12(i).

   **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION
#### Violation of Civil Code §2924.17(b): Recording Inaccurate Title Documents
#### (Against All Defendants)

29.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

30.    California Civil Code §2924.17(b) provides that, before recording or filing [a Notice of Default or Notice of Trustee's Sale], a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

31.    Plaintiff is a member of the class entitled to protection under this code section.

32.    Plaintiff alleges that Defendants knowingly recorded a Notice of Default containing false representations as explained herein on title to the Subject Property.

33.    As a result of Defendants' conduct and breach of this code section, Plaintiff is entitled to injunctive relief, including, but not limited to an order restraining the sale of the Subject Property pursuant to California Civil Code §2924.12(a)(2).  In addition, Plaintiff has been forced as a result of Defendants' violations to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to §2924.12(i).

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### Fraud
#### (Against All Defendants)

34.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

35.    California Civil Code §1572 provides that, actual fraud consists of any of the following acts, committed by or with the connivance of a party to a contract with the intent to deceive another party to the contract, or to induce the other party to enter into the contract: (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) The positive assertion, in any manner not warranted by the information of the person making it, of

1    that which is not true, though the person making the assertion believes it to be true; (3) The

2    suppression of that which is true, by one having knowledge or belief of the fact; (4)A promise

3    made without any intention of performing it; and (5) Any other act fitted to deceive.

4    36.    Plaintiff TREPTE alleges that the actions of Defendants PHH and U.S. BANK, as indicated

5    herein, constitute making misrepresentations of material fact, making false promises, and/or

6    concealing of material facts.

7    37.    Defendants made false representations to Plaintiff regarding the loan modification application,

8    including that PHH was evaluating the application and would not pursue foreclosure while it was

9    pending.

10   38.    Plaintiff now believes and alleges that Defendants and their employees merely represented

11   that PHH was evaluating his loan modification application but was not.

12   39.    Plaintiff alleged that Defendants and their employees, knowing that further documentation

13   was unnecessary, intended to deceive Plaintiff by inducing him to believe that it was working on

14   a loan modification, as it engaged in dual-tracking and caused him to incur additional fees such

15   as late payment and default fees.

16   40.    Loan modifications have been a cornerstone of public and private efforts to preserve home

17   ownership in the recent financial crisis.  Through the modification process, servicers reduce

18   borrowers' interest rates, extend their loan terms, and/or forgive or forbear principal in order to

19   reach a monthly mortgage payment that borrowers can afford.

20   41.    Instead of providing the relief to which struggling borrowers are entitled, Defendants PHH

21   and U.S. BANK have misled, and continue to mislead, California consumers, including Plaintiff

22   TREPTE, about loan modifications.

23   42.    Defendants and their employees represented to Plaintiff, and Plaintiff reasonably believed,

24   that Defendants would in good faith consider his application for a mortgage loan modification if he

25   followed their instructions.

26   43.    Had Plaintiff known that Defendants would not in good faith consider him for one of the

27   options that would allow him to retain his family home but instead give him the "run-around"

28   and then attempt to foreclose, he would not have foregone the other opportunities that were then

EXHIBIT A
PAGE 20

1 available to him.

2 44. When Defendants PHH and U.S. BANK, and their employees named herein, made these

3 misrepresentations, they knew them to be false and made them with the intent to deceive and

4 defraud Plaintiff and to induce him to act in reliance on these representations in the manner

5 herein alleged, or with the expectation that Plaintiff would so act.

6 45. Plaintiff TREPTE relied on Defendants and their employees' false representations by

7 attempting to participate in the modification process, including by submitting information to

8 Defendant PHH, and refrained from obtaining other alternatives to remedy his situation

9 including obtaining alternative financing available to him and spending money and sweat equity

10 improving the Subject Property in the belief that he was actually being evaluated for a loan

11 modification he was aware should be approved.

12 46. Plaintiff's reliance was justifiable, as he had no reason to believe seemingly reputable

13 institutions such as PHH and U.S. BANK, and their employees, would lie to him and because he

14 was aware his application should be approved.

15 47. Plaintiff, at the time these representations were made and Plaintiff took the actions herein

16 alleged, was ignorant of the falsity of Defendants and its employees' representations and

17 believed them to be true.

18 48. The above misrepresentations, omissions and acts were purposefully hidden from Plaintiff.

19 49. As a proximate cause of Defendants PHH and U.S. BANK's conduct as herein alleged,

20 Plaintiff is now subject to onerous foreclosure proceedings and the possibility of the loss of his

21 family residence. Plaintiff forewent other available opportunities to save his home as a result of

22 his reliance on the false representations that he was being evaluated for a loan modification in

23 good faith and that foreclosure would not be pursued in the interim. Plaintiff has also incurred

24 damages in the form of default fees and reduced equity. Plaintiff has suffered, and will continue

25 to suffer, damages the exact amount of which have not been fully ascertained but are within the

26 jurisdiction of this Court. Plaintiff is entitled to incidental and consequential expenses and

27 damages in an amount to be shown at the time of trial. In addition, Plaintiff has further been

28 forced to retain a law firm to enforce his rights and has incurred and will incur costs and

COMPLAINT
-8-

1   reasonable attorney's fees in connection herewith, recovery of which Plaintiff is entitled to

2   according to proof.

3   50.   Defendants PHH and U.S. BANK acted fraudulently, maliciously and oppressively with a

4   conscious, reckless and willful disregard, and/or with callous disregard, of the probable

5   detrimental and economic consequences to Plaintiff, and to the direct benefit of themselves,

6   knowing that their conduct was substantially certain to vex, annoy, and injure Plaintiff and entitle

7   him to punitive damages under California Civil Code §3294, in an amount sufficient to punish or

8   make an example of Defendants.

9        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

10  hereinafter set forth.

11  **FOURTH CAUSE OF ACTION**
12  **Promissory Estoppel**
    **(Against All Defendants)**
13

14  51.   Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

15  52.   Defendants PHH and U.S. BANK made clear and unambiguous promises to Plaintiff that

16  PHH was reviewing his loan modification application in good faith and that Defendants PHH

17  and U.S. BANK would not proceed with any foreclosure activity on the Subject Loan until PHH

18  made a good faith decision.

19  53.   These promises were false.

20  54.   Plaintiff TREPTE was injured by his reliance on these Defendants and their employees'

21  false promises as Plaintiff refrained from pursuing other alternatives available to him to remedy

22  his situation.

23  55.   Plaintiff forewent alternatives, including obtaining alternative financing or just reinstating

24  the Subject Loan, in the belief that he was actually being evaluated for a loan modification, and

25  knowing that it would provide him with more beneficial loan terms.

26  56.   Plaintiff did not know that Defendants and their employees' statements were false.

27  57.   Defendants did foresee and desired that Plaintiff would and did rely upon their promise.

28  58.   As a proximate cause of Defendants PHH and U.S. BANK's conduct as herein alleged,

1    Plaintiff is now subject to onerous foreclosure proceedings and the possibility of the loss of his
2    family residence.  Plaintiff forewent other available opportunities to save his home as a result of
3    his reliance on the false representations that he was being evaluated for a loan modification in
4    good faith and that foreclosure would not be pursued in the interim.  Plaintiff has also incurred
5    damages in the form of default fees and reduced equity.  Plaintiff has suffered, and will continue
6    to suffer, damages the exact amount of which have not been fully ascertained but are within the
7    jurisdiction of this Court.  Plaintiff is entitled to incidental and consequential expenses and
8    damages in an amount to be shown at the time of trial.  In addition, Plaintiff has further been
9    forced to retain a law firm to enforce his rights and has incurred and will incur costs and
10   reasonable attorney's fees in connection herewith, recovery of which Plaintiff is entitled to
11   according to proof.
12   59.    Defendants PHH and U.S. BANK acted fraudulently, maliciously and oppressively with a
13   conscious, reckless and willful disregard, and/or with callous disregard, of the probable
14   detrimental and economic consequences to Plaintiff, and to the direct benefit of themselves,
15   knowing that their conduct was substantially certain to vex, annoy, and injure Plaintiff and entitle
16   him to punitive damages under California Civil Code §3294, in an amount sufficient to punish or
17   make an example of Defendants.
18         **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as
19   hereinafter set forth.

20                              **FIFTH CAUSE OF ACTION**
21                                    **Slander of Title**
22                               **(Against All Defendants)**

23   60.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below.
24   61.    Defendants PHH and U.S. BANK recorded a Notice of Default and accompanying
25   Declaration of Compliance on title to the Subject Property containing false representations as
26   explained herein.
27   62.    Plaintiff alleges that Defendants recorded this instrument without justification as the
28   recording of these false statements was done with malice or with Defendants lacking reasonable

1   grounds to believe in the title instruments' truth and therefore did not have any privilege to act in

2   the manner that they did.

3   63.    Defendants' false statements disparaged Plaintiff's title

4   64.    As a proximate result of such unprivileged, false, and malicious publication of disparaging

5   statements regarding the title to property owned by Plaintiff, Plaintiff has suffered, and will

6   continue to suffer, damages the exact amount of which have not been fully ascertained but are

7   within the jurisdiction of this Court including incurred damages in the form of increased default

8   fees and reduced equity.  Plaintiff has suffered, and will continue to suffer, damages the exact

9   amount of which have not been fully ascertained but are within the jurisdiction of this Court.

10  Plaintiff is entitled to incidental and consequential expenses and damages in an amount to be

11  shown at the time of trial.  In addition, Plaintiff has been forced to retain a law firm to enforce

12  his rights and has incurred and will incur costs and reasonable attorney's fees in connection

13  herewith, recovery of which Plaintiff is entitled to according to proof.

14  65.    Defendants PHH and U.S. BANK acted fraudulently, maliciously and oppressively with a

15  conscious, reckless and willful disregard, and/or with callous disregard, of the probable

16  detrimental and economic consequences to Plaintiff, and to the direct benefit of themselves,

17  knowing that their conduct was substantially certain to vex, annoy, and injure Plaintiff and entitle

18  him to punitive damages under California Civil Code §3294, in an amount sufficient to punish or

19  make an example of Defendants.

20          **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

21  hereinafter set forth.

22                          **SIXTH CAUSE OF ACTION**
23                       **Negligence & Negligence Per Se**
                            **(Against All Defendants)**
24

25  66.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below

26  67.    California Civil Code §1714(a) states, in pertinent part, that everyone is responsible, not

27  only for the result of his or her willful acts, but also for an injury occasioned to another by his or

28  her want of ordinary care or skill in the management of his or her property or person.

---

COMPLAINT
-11-

**EXHIBIT A**
**PAGE 24**

68.    California Evidence Code §669(a) states, in pertinent part, that the failure to exercise due care is presumed if: (1) He violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

69.    Defendants, and each of them, owed duties of care to Plaintiff, including but not limited to complying with the Homeowner Bill of Rights / Civil Code Sections 2923.6, 2924.17 as well as 1788, *et seq.* ("The Rosenthal Act").  The conduct prescribed by the statutes is the standard of care.  A violation of a statute is presumed to be negligence.  Defendants also undertook the activity of initiating a non-judicial foreclosure on Plaintiff's home.  Having undertaken that task, they owed a duty to exercise ordinary care in carrying out that task.

70.    Defendants breached to the duty to exercise ordinary care in carrying out any foreclosure and breached the duty to comply with the statutes listed above, and therefore the attendant standard of care, by engaging in the conduct complained of herein.

71.    Plaintiff's damages result, in part, from the violations of these statutes.  As such, Plaintiff is within the group of persons these statutes were enacted to protect.

72.    As a proximate cause of Defendants PHH and U.S. BANK's conduct as herein alleged, Plaintiff is now subject to onerous foreclosure proceedings and the possibility of the loss of his family residence.  Plaintiff forewent other available opportunities to save his home as a result of his reliance on the false representations that he was being evaluated for a loan modification in good faith and that foreclosure would not be pursued in the interim.  Plaintiff has also incurred damages in the form of default fees and reduced equity.  Plaintiff has suffered, and will continue to suffer, damages the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court.  Plaintiff is entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has further been forced to retain a law firm to enforce his rights and has incurred and will incur costs and

1    reasonable attorney's fees in connection herewith, recovery of which Plaintiff is entitled to

2    according to proof.

3         **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

4    hereinafter set forth.

5                           **SEVENTH CAUSE OF ACTION**

6    **Violations of Civil Code §1788, *et seq*.: The Rosenthal Fair Debt Collection Practices Act
     (Against All Defendants)**

7

8    73.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

9    74.    Plaintiff is, and at all times herein relevant was, a "consumer," and the Subject Loan a

10   "consumer debt," as defined by The Rosenthal Act.

11   75.    Defendants PHH and U.S. BANK are, and at all times herein relevant were, "debt

12   collectors" engaging in "debt collection" practices under The Rosenthal Act.

13   76.    Defendants PHH and U.S. BANK violated The Rosenthal Act by using false, deceptive and

14   misleading statements in connection with their collection of Plaintiff's mortgage debt, as alleged

15   herein.

16   77.    As a proximate cause of Defendants PHH and U.S. BANK's conduct as herein alleged,

17   Plaintiff is now subject to onerous foreclosure proceedings and the possibility of the loss of his

18   family residence.  Plaintiff forewent other available opportunities to save his home as a result of

19   his reliance on the false representations that he was being evaluated for a loan modification in

20   good faith and that foreclosure would not be pursued in the interim.  Plaintiff has also incurred

21   damages in the form of default fees and reduced equity.  Plaintiff has suffered, and will continue

22   to suffer, damages the exact amount of which have not been fully ascertained but are within the

23   jurisdiction of this Court.  Plaintiff is entitled to incidental and consequential expenses and

24   damages in an amount to be shown at the time of trial.  In addition, Plaintiff has further been

25   forced to retain a law firm to enforce his rights and has incurred and will incur costs and

26   reasonable attorney's fees in connection herewith, recovery of which Plaintiff is entitled to

27   according to proof.

28         **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

                                    COMPLAINT
                                      -13-

1    hereinafter set forth.

2                          **EIGHTH CAUSE OF ACTION**
3            **Violations of Business & Professions Code §§17200,** *et seq.*
                          **(Against All Defendants)**
4

5    78.    Plaintiff TREPTE incorporates by reference the allegations set forth above and below.

6    79.    Plaintiff is informed and believes, and on that basis alleges, that Defendants PHH and U.S.

7    BANK's acts, as alleged herein, constitute unfair and fraudulent business practices, as well as

8    derivative unlawful business practices, as defined by California Business and Professions Code

9    §§17200, *et seq.* ("UCL").

10   80.    Defendants PHH and U.S. BANK engaged in "fraudulent" business practices under the

11   UCL because their statements, including misrepresentations made to Plaintiff and contained in

12   instruments recorded on title to the Subject Property, such as the implication that Defendants

13   were in compliance with the Homeowner Bill of Rights when they recorded the Notice of

14   Default, were intended and likely to mislead Plaintiff and the public.

15   81.    Defendants PHH and U.S. BANK engaged in "unlawful" business practices under the UCL

16   based on the statutory violations complained of herein.

17   82.    Defendants PHH and U.S. BANK engaged in "unfair" business practices under the UCL

18   because they violated the laws and underlying legislative policies designed to prevent

19   foreclosure, where possible, by requiring mortgage holders to engage in honest foreclosure

20   prevention efforts.

21   83.    Plaintiff TREPTE was injured in fact and lost money and/or property as a result of these

22   unlawful, unfair, and fraudulent business practices.

23   84.    Plaintiff TREPTE seeks restitution, disgorgement of sums wrongfully obtained, costs of

24   suit, reasonable attorney's fees, and such other and further relief the Court may deem just and

25   proper.

26        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

27   hereinafter set forth.

28        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as set

---

COMPLAINT
-14-

forth below:

  a. For compensatory damages in an amount to be determined by proof at trial;

  b. For special damages in an amount to be determined by proof at trial;

  c. For general damages in an amount to be determined by proof at trial;

  d. For statutory damages in an amount to be determined by proof at trial;

  e. For punitive damages;

  f. For reasonable attorney's fees under the HBOR and under any other applicable statutes, costs and expenses of litigation, according to proof;

  g. For declaratory and injunctive relief, including a declaration that Plaintiff is the prevailing party;

  h. For judgment setting forth terms of restitution;

  i. For removal of any and all derogatory information reported to any and all credit reporting agencies and/or bureaus relating to the transaction involved herein;

  j. For restoration of Plaintiff's credit scores and good name;

  k. For expungement of any false instruments on title to the Subject Property;

  l. For any prejudgment or other interest according to law;

  m. Any other and further relief that this Court deems equitable and proper.

**JURY DEMAND**

  Plaintiff hereby demands trial by jury.

DATED: September 4, 2015    Respectfully submitted,

              SMART LAW OFFICES

              David L. Smart
              Attorneys for Plaintiff
              ALFRED R. TREPTE, JR.

COMPLAINT
-15-

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11

**EXHIBIT A
PAGE 29**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT A
PAGE 30

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**EXHIBIT A**
**PAGE 32**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A
PAGE 33

| SHORT TITLE: | | CASE NUMBER: |
| --- | --- | --- |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lasuperiorcourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

**The following parties stipulate:**

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

    >

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

**EXHIBIT A**
**PAGE 34**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT A**
**PAGE 35**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11              **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                        Page 1 of 2

**EXHIBIT A**
**PAGE 36**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**EXHIBIT A**
**PAGE 37**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FILE STAMP

SEP 22 2015

Sherri R. Carter, Executive Officer/Clerk
By: Calvin Lam, Deputy

NOTICE SENT TO:

Smart Law Offices
8880 Cal Center Drive, Suite 400
Sacramento        CA   95826

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| ALFRED R TREPTE JR                          Plaintiff(s), <br><br> VS. <br><br> PHH MORTGAGE CORPORATION ET AL                 Defendant(s). | BC593918 <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  December 30, 2015  at  8:30 am  in  Dept. 19  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  September 22, 2015

STEPHANIE M. BOWICK

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  September 22, 2015

Sherri R. Carter, Executive Officer/Clerk

by      CALVIN LAM                    , Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

**EXHIBIT A**
**PAGE 38**